UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Case No. _____

ALBERTA PIERRE,

      Plaintiff,

v.

HYATT CORPORATION,
a Foreign Profit Corporation,

      Defendant.

## NOTICE OF REMOVAL

Defendant Hyatt Corporation ("Hyatt" or "Defendant") hereby removes Case No. 2021-019558-CA-01, *Alberta Pierre v. Hyatt Corporation, a Foreign Profit Corporation*, from the Circuit Court of the Eleventh Judicial Circuit in and for Miami Dade County, Florida, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.   Removal of this action is proper because there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00.  28 U.S.C. § 1332.  In support of this Notice, Hyatt respectfully states the following:

**I.**    **Removal is Timely**

Plaintiff's Complaint was initially filed on August 20, 2021.  Hyatt was personally served with the Complaint through its Registered Agent on September 13, 2021.  A copy of the complete file obtained from the Circuit Court of the Eleventh Judicial Circuit in and for Miami Dade County, Florida, which reflects the foregoing, is attached to this Notice as composite Exhibit A.

This Notice of Removal is filed within thirty days of service of the Complaint on Hyatt; therefore, removal is timely.  28 U.S.C. § 1446(b)(1).

1

## II.   <u>Venue</u>

Venue for removal is proper in this district and division because this district and division embrace the Circuit Court of the Eleventh Judicial Circuit in and for Miami Dade County, Florida, the forum in which the removed action was pending. 28 U.S.C. § 1441(a).

## III.   <u>Complete Diversity</u>

There is diversity jurisdiction in this Court because there is complete diversity of citizenship, meaning that no plaintiff is a citizen of the same State as any defendant. *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1753 (2019).

### a.   Citizenship of Plaintiff

Plaintiff alleges that he is a Florida citizen and resident of Broward County, Florida. (*See* Exh. A, Compl. ¶ 3).

### b.   Citizenship of Hyatt Corporation

A corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010) (quoting 28 U.S.C. § 1332(c)(1)). A corporation's principal place of business is the place where the corporation's officers direct, control, and coordinate the corporation's activity and, in practice, that place "should normally be where the corporation maintains its headquarters." *Id.* at 92-93. Hyatt Corporation is a corporation organized under the laws of the State of Delaware, with its principal place of business in the State of Illinois.[1] As a result, Hyatt is a citizen of the States of Delaware and Illinois for purposes of diversity jurisdiction.

Accordingly, Plaintiff is not a citizen of the same state as Defendant, and therefore, complete diversity exists.

---

[1] *See* Declaration of Paul Megli ("Megli Decl."), ¶ 4 (attached hereto as Exhibit B).

2

## IV.    Amount in Controversy

Plaintiff's Complaint alleges both discrimination and retaliation under the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.10 *et seq*., and does not specify an amount of damages except to state they exceed $30,000, the jurisdictional amount for the Florida circuit court.  (Exh. A, Compl. ¶ 1).  Where a complaint does not state the precise amount of damages sought and merely alleges the minimum jurisdictional amount for purposes of meeting the state jurisdictional amount, the district court looks to a reasonable reading of the complaint to determine whether the amount in controversy exceeds the $75,000 jurisdictional amount.  *See, e.g., Estevez-Gonzalez v. Kraft, Inc.*, 606 F. Supp. 127, 129 (S.D. Fla. 1985) ("[I]f a reasonable reading of the complaint discloses that the sum in controversy does in fact exceed [$75,000] the jurisdictional amount will be found to exist.") (citing *Baker v. Firestone Tire & Rubber Co.*, 537 F. Supp. 244, 246-247) (S.D. Fla. 1982)); *Lee v. Altamil Corp.*, 457 F. Supp. 979, 981 (M.D. Fla. 1978) ("[T]he Court feels that any reasonable reading of the complaint would indicate that the amount in controversy exceeds [the jurisdictional amount].");  *accord Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) ("[I]t may be facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when the complaint does not claim a specific amount of damages itself.") (internal quotation marks and citation omitted).

In this Circuit, where a plaintiff fails to specify the total amount of damages demanded, the defendant "must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement."  *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002); *see also Rae v. Home Depot U.S.A., Inc.*, No. 9:20-cv-81724, 2021 WL 1353661, at *2 (S.D. Fla. April 9, 2021) (quoting *Leonard*).  In *Rae*, the district court stated that "[t]o meet this burden, the defendant need only show that it is 'more likely than not' that the amount in

3

controversy requirements have been met." *Id*. (quoting *Lee-Bolton v. Koppers Inc.*, 848 F. Supp. 2d 1342, 1346 (N.D. Fla. 2011)).  "[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

"If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co.*, 268 F.3d 1316, 1319 (11th Cir. 2001). In determining the amount in controversy, a court is permitted "to make 'reasonable deductions, reasonable inference, or other reasonable extrapolations' from the pleadings." *Roe, supra,* 613 F.3d at 1061-62 (quoting *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010)). Furthermore, in examining this issue, the question is not whether the plaintiff *would actually* recover a specific amount of damages, but rather whether he or she **could** do so.  *See Wineberger v. Racetrac Petroleum, Inc.,* No. 5:14-cv-653-0c-30PRL, 2015 WL 225760, *3 (M.D. Fla. Jan. 16, 2015) (citing *McDaniel v. Fifth Third Bank,* 568 Fed Appx. 729, 731 (11th Cir. 2014)).

Courts determine whether the amount in controversy meets the jurisdictional threshold at the time of removal.  *Pretka,* 608 F.3d at 751. "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe,* 613 F.3d at 1062.  To assist the court in its assessment, moving parties may provide additional evidence, including documents, business records and affidavits, to meet their burden. *Pretka,* 608 F.3d at 755.  When analyzing the amount in controversy on removal, courts consider the maximum recovery a plaintiff could receive if she prevailed on all disputed issues. *Id.* at 751*; see also S. Fla. Wellness, Inc. v. Allstate Ins. Co.,* 745 F.3d 1312, 1315 (11th Cir. 2014) (the amount in controversy is "less a prediction of how much the plaintiffs are ultimately likely to

recover, than it is an estimate of how much will be put at issue during the litigation; in other words, the amount is not discounted by the chance that the plaintiffs will lose on the merits." (internal quotation marks and citation omitted).

Here, Defendant can show by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interests and costs.  Plaintiff seeks damages for alleged violations of the FCRA, including back pay, front pay, compensatory damages, punitive damages, and attorneys' fees.[2]  (Exh. A, Compl. Count I, pp. 5-6, Count II, pp. 7-8, Count III, pp. 9-10, Count IV, pp. 11-12)  As demonstrated below, the amount in controversy in this civil action is far in excess of the jurisdictional limit at issue.[3]

### a. Back Pay

Successful plaintiffs in FCRA actions may be entitled to back pay.  Fla. Stat. § 760.11(5); *see also Ponce v. Fontainebleau Resorts, LLC*, 653 F.Supp.2d 1297, 1304 (S.D. Fla. 2009); Plaintiff was employed by Hyatt as a full-time hourly employee from October 1, 2008 through October 2, 2018. (Megli Decl., ¶ 6).   In 2018, Plaintiff was earning, on average, approximately $1,057 per week.  (*Id.* at ¶ 9).  Plaintiff resigned her employment effective October 2, 2018, potentially entitling Plaintiff to approximately three years of back pay as of the date of this filing. Therefore, Plaintiff's total back pay calculation based on regular earnings is approximately $164,892 as of October 4, 2021,[4] which is well above the jurisdictional requirement.

---

[2] The Florida Civil Rights Act allows recovery for back pay, front pay, compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and other intangible injuries, punitive damages, and attorneys' fees.  Fla. Stat. § 760.11(5).

[3] By making the analysis that follows, Defendant makes no admission that Plaintiff is entitled to any damages or to any form of relief whatsoever, which it specifically denies.

[4] The above figure is reached by multiplying Plaintiff's 2018 average weekly wage earning of $1,057, (*see* Megli Decl., ¶ 9), by 156 weeks (*i.e.*, October 2, 2018 to October 4, 2021 is 3 years 2

**b.  Front Pay**

Additionally, Plaintiff seeks a front pay award, "which is available under the FCRA and may be considered for amount in controversy purposes." *Booker v. Doyon Sec. Servs., LLC,* No. 16-24146-CIV-LENARD/GOODMAN, 2017 WL 5202682, at *3 (S.D. Fla. Jan. 20, 2017) (citing *Brown v. Cunningham Lindsey U.S., Inc.,* No. 305CV141J32HTS, 2005 WL 1126670, at *5 (M.D. Fla. May 11, 2005)).  Front pay is a form of equitable relief.  *Id.* (citing *Brochu v. City of Riviera Beach,* 304 F.3d 1144, 1162 n.31 (11th Cir. 2002)).  "The value of equitable relief for amount in controversy purposes is the monetary value of the object of the litigation that would flow to the plaintiff[] if the requested relief is granted."  *Id.* (internal marks quotations omitted) (quoting *Leonard, supra,* 279 F.3d at 973)).    In *Brown,* the court included one year of front pay in the amount in controversy calculation.  2005 WL 1126670, at *5.  *See also Wineberger v. Racetrac Petroleum, Inc.,* 2015 WL 225760, *3 (M.D. Fla. Jan. 16, 2015) (accepting the removing defendant's calculation of one year front pay as a reasonable estimation of potential damages when determining amount in controversy); *Penalver v. N Elec., Inc.,* 2012 WL 1317621, at *2, *4 (S.D. Fla. Apr. 17, 2012) (agreeing that one to two years of front pay is not uncommon in an employment discrimination *case*); *Ambridge v. Wells Fargo Bank, NA.,* No. 8:14-cv-1212, 2014 WL 4471545, at *4 (M.D. Fla. Sep. 10, 2014) (noting that the defendant had presented various cases in support of its argument that "one year of front pay is reasonable in employment discrimination cases").

Multiplying Plaintiff's average weekly salary of $1,057 by 52 weeks, Plaintiff has a potential front pay award of approximately $53,404, or at least 37,605 based on her 2018 W-2

---

days, or 156 weeks).  Note that even if Plaintiff's ***partial year*** 2018 W-2 gross wage earnings of $37,605.60, (*see* Megli Decl., ¶ 7), is used to calculate her potential back pay recovery, that calculation would result in a three-year back pay figure of $112,816.80, still well above the $75,000 jurisdictional threshold.

Statement.   In sum, the amount in controversy well exceeds $75,000.00 in lost wages alone ($112,816 to $164,892 in back pay plus $37,605 to $53,404 in front pay).

### c.  Compensatory Damages

Plaintiff has requested compensatory damages against Defendant.  Awards of compensatory damages are uncapped under the FCRA and regularly meet or exceed $75,000.00.  *See* Fla. Stat. § 760.11(5); *see also Munoz v. Oceanside Resorts, Inc.,* 223 F.3d 1340, 1348-49 (11th Cir. 2000) (appeal from a jury verdict from the Southern District of Florida awarding $150,000 for emotional damages under FCRA); *Copley v. BAX Global, Inc.*, 97 F. Supp. 2d 1164, 1172 (S.D. Fla. 2000) (emotional damages for $100,000).  Plaintiff's compensatory damages, if recovered, may include a variety of intangible, non-economic losses that exceed the jurisdictional minimum. *See Bartley v. Starwood Hotel & Resorts Worldwide, Inc.,* No. 07-80637-CIV, 2007 WL 2774250, at 3-4 (S.D. Fla. 2007) (allegation of pain, mental anguish, loss of enjoyment of life, etc., sufficient to put defendant on notice that jurisdictional minimum is satisfied).

It is well-known that "jury awards for intangible damages in employment discrimination cases frequently result in substantial damage awards." *Schmidt v. Pantry, Inc.,* No. 1:11-cv-228, 2012 WL 1313490, at *4 (N.D. Fla. Mar. 6, 2012).  *See also Snead v. Fla. Agricult. & Mechanical Univ. Bd. of Trustees,* 724 Fed. App'x 842 (11th Cir. 2018) (affirming $108,810 award for "mental and emotional anguish"); *Reilly v. Duval County. Pub. Sch.,* No. 3:04-cv-1320-J-32MCR, 2007 WL 2120547, at *1 (M.D. Fla. July 23, 2007) ($75,000 in mental anguish damages under FCRA); *DeCarlo v. City of Tallahassee,* No. 4:14-cv-00388, 2016 WL 3439342 (N.D. Fla. March 2, 2016) (jury verdict awarding $200,000 for past and $500,000 for future mental anguish under FCRA). Thus, in addition to potential back pay and front pay damages, the requisite amount-in-controversy requirement is more likely than not met based on the compensatory damages award.  Indeed, the

Court could conservatively assume that the compensatory damages in dispute would exceed six figures.

### d.  Punitive Damages

Plaintiff also seeks an award of punitive damages as a part of the relief in this action.  Such damages are available under the FCRA, capped at $100,000. § 760.11(5), Fla. Stat.  It is more likely than not that, if this litigation proceeds to trial, Plaintiff will seek a punitive damage award to the maximum extent allowed by law.

> When determining the jurisdictional amount in controversy in diversity cases, **punitive damages must be considered, . . .** unless it is apparent to a legal certainty that such cannot be recovered. . . . **[N]othing in [the plaintiff s] Complaint . . . indicates that she is seeking less than the maximum allowable amount of punitive damages.**

*Brown, supra,* 2005 WL 1126670, at *5 (emphasis added) (internal quotation marks omitted) (citing *Holley Equip. Co. v. Credit Alliance Corp.,* 821 F.2d 1531, 1535 (11th Cir. 1987); and *Ryan v. State Farm Mut. Auto. Ins. Co.,* 934 F.2d 276, 277 (11th Cir. 1991) (a complaint alleging $100,000 in punitive damages satisfied the amount in controversy because the jury could have awarded that much in punitive damages)).  Accordingly, adding an amount for punitive damages to the back and front pay, and compensatory damages, the requisite amount-in-controversy requirement is more likely than not met.

### e.  Attorneys' Fees

Finally, Plaintiff also seeks an award of attorneys' fees.  The FCRA is a statutory cause of action which entitles a prevailing party to recover reasonable attorneys' fees. "[W]hen a statutory cause of action entitles a prevailing party to recover reasonable attorney fees, the amount in controversy includes consideration of the amount of those fees." *Cohen v. Office Depot, Inc.,* 204 F.3d 1069, 1079 (11th Cir. 2000); *see also Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1265

(11th Cir. 2000) (same).  Accordingly, attorneys' fees may be considered in determining the amount in controversy.  *See, e.g., Booker, supra,* 2017 WL 5202682, at \*3 (including attorneys' fees in the calculation of amount in controversy); *Gonzalez v. Honeywell Int'l, Inc.,* No. 8:16-cv-3359-T-30TGW, 2017 WL 164358, at \*3 (M.D. Fla. Jan. 17, 2017) (noting that the court *must* consider attorneys' fees in calculating the amount in controversy; "[t]he Court need not pinpoint the exact dollar figure of [this] form[] of relief to recognize that [its] value adds thousands of dollars to the amount in controversy").  Finally, in establishing the "reasonable amount of fees," the Court can take judicial notice that attorneys' fees sought in these types of cases routinely approach or exceed the $75,000.00 threshold.[5]  With an attorneys' fee award of greater than $75,000.00 highly probable in this matter, assuming solely for purposes of removal that Plaintiff will prevail, and in light of the fact that such fees are properly combined with the other accrued substantive damages claimed to have been suffered by Plaintiff for purposes of determining the amount in controversy, diversity jurisdiction clearly exists in this matter.

Accordingly, it is sufficiently clear that when Plaintiff's monetary claims in this litigation are combined with her statutory claims for attorneys' fees and compensatory and punitive damages, it is more likely than not the amount at issue here exceeds the $75,000.00 jurisdictional threshold.

---

[5] *See Olmsted v. Taco Bell Corp.,* 141 F.3d 1457 (11th Cir. 1998) (following a remand, a negotiated attorneys' fee award of $173,515.31 was upheld in an employment discrimination case brought under Title VII); *Ramsey v. Chrysler First, Inc.,* 861 F.2d 1541, 1544 (11th Cir. 1988) (affirming an award of $68,288 in attorney's fees); *Alshakanbeh v. Food Lion,* No. 3:06-cv-1094-J-12HTS, 2007 WL 917354, \*2 (M.D. Fla. March 23, 2007) (estimate of $40,000 for attorneys' fees in employment discrimination case was "conservative").  Each of these cases supports Defendant's reasonable belief concerning the anticipated fees in this matter.

### f.  Summary

Based on the allegations in Plaintiffs Complaint, the nature of his claims, and other awards issues in FCRA cases, Defendant has shown that the value of Plaintiff's claims **more likely than not** exceed the jurisdictional amount.  *See Penalver, supra,* 2012 WL 1317621, at *3 (finding that the aggregate amount of estimated back pay, front pay, compensatory damages, punitive damages, and attorneys' fees shows that it is more likely than not that the amount in controversy is exceeded). Specifically, Defendant has proven damages in an amount necessary to reach the jurisdictional minimum at issue—*i.e.*, that such damages *could* be awarded as follows:

| | |
|---|---|
| Back Pay | $112,816.00 to 164,892.00 |
| Front Pay | $37,605.00 to 53,404.00 |
| Attorneys' Fees[6] | $92,267.77 |
| Punitive Damages | $100,000.00 |
| Compensatory Damages[7] | $108,425.50 |
| **Total** | **$415,114.27 to $518,989.27** |

---

[6] In establishing the "reasonable amount of fees," the Court can take judicial notice that attorneys' fees sought in these types of cases routinely approach or exceed the $75,000.00 threshold.  *See, e.g., Ramsey,* 861 F.2d at 1544 (affirming an award of $68,288.00 in attorney's fees); *Alshakanbeh,* 2007 WL 917354, *2 (estimate of $40,000 for attorneys' fees in employment discrimination case was "conservative"); *Olmsted,* 141 F.3d 1457 (following a remand, a negotiated attorney fee award of $173,515.31 was upheld in an employment discrimination case brought under Title VII). The attorneys' fees calculation is an average of the attorneys' fee awards cited in this footnote, *supra.*

[7] This is an average of the jury verdicts in FCRFA cases cited above in Section IV(c).  *See Munoz,* 223 F.3d at 1348-49 ($150,000 for emotional damages under FCRA); *Copley*, 97F.Supp.2d 1164 (emotional damages for $100,000); *Snead,* 724 Fed. App'x 842 (11th Cir. 2018) ($108,810 award for "mental and emotional anguish"); *Reilly,* 2007 WL 2120547, at *1 ($75,000 in mental anguish damages under FCRA).

Defendant has clearly met the amount in controversy requirement for diversity of citizenship jurisdiction because, as shown above, Plaintiff's claims far exceed the $75,000 threshold required for removal under 28 U.S.C. § 1332(a).

**V.      Notice to State Court and Opposing Party**

Pursuant to 28 U.S.C. § 1446(d) and L.R. 3.3(a), Hyatt will promptly give Plaintiff written notice of the filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the Eleventh Judicial Circuit in and for Miami Dade County, Florida, where the action is pending.

**CONCLUSION**

Because the requirements for diversity jurisdiction are met, Hyatt respectfully removes this action from the Eleventh Judicial Circuit in and for Miami Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami Division.

Dated:  October 4, 2021

KABAT CHAPMAN & OZMER LLP

*/s/ Nathan D. Chapman*
Nathan D. Chapman
Florida Bar No. 028873
nchapman@kcozlaw.com
Gary E. Thomas (*pro hac vice* forthcoming)
gthomas@kcozlaw.com
171 17th Street NW, Suite 1550
Atlanta, Georgia 30363
Tel.: (404) 400-7300
Fax: (404) 400-7333

*Counsel for Defendant Hyatt Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2021, a true and correct copy of the foregoing was served

on the following by U.S. Mail and email, addressed as follows:

> Peter M. Hoogerwoed, Esq.
> Cristobal Bobadilla-Gamboa, Esq.
> Remer & Georges-Pierre, PLLC
> 44 West Flagler Street, Suite 2200
> Miami, Florida 33130
> pmh@rgpattorneys.com
> cbg@rgpattorneys.com

> */s/ Nathan D. Chapman*
> Nathan D. Chapman