# EXHIBIT A
# TO
# NOTICE OF REMOVAL

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

CASE NO. 2021-019558-CA-01

ALBERTA PIERRE,

    Plaintiff,

vs.

HYATT CORPORATION,
a Foreign Profit Corporation,

    Defendant.

_____/

**SUMMONS IN A CIVIL CASE**

**TO: HYATT CORPORATION**, through its Registered Agent:

    UNITED STATES CORPORATION COMPANY
    1201 HAY STREET
    SUITE 105
    TALLAHASSE, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    PETER HOOGERWOERD, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

                                            8/20/2021

_____        _____
CLERK                                                DATE

310009

_____
(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

ALBERTA PIERRE,

    Plaintiff(s),                                 CASE NO.: _____

v.

HYATT CORPORATION,
a Foreign Profit Corporation,

    Defendant.

_____/

## COMPLAINT

Plaintiff, ALBERTA PIERRE ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, HYATT CORPORATION, and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $30,000 excluding attorneys' fees or costs for discriminatory treatment and retaliation under the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA").

2. This Court has jurisdiction over Plaintiff's claims pursuant to the FCRA.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Broward County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FCRA.

4. Plaintiff was employed by Defendant, having a place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant.

5. Venue is proper in Miami Dade County, Florida because all of the actions that form the basis of this Complaint occurred within Miami Dade County, Florida and payment was due in Miami Dade County, Florida.

6. Defendant was "person" and/or "employer" pursuant to the Florida Civil Rights Act of 1992, *Fla. Stat. Section 760.01, et seq.* since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

7. At all times material hereto, Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act of 1992, Fla *Stat. Section 760, et seq.* and it is subject to the employment discrimination provisions of the applicable statutes.

8. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency responsible for investigating claims of employment discrimination. This charge was dually filed with the Florida Commission on Human Relations.

9. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

10. All conditions precedent for the filing of this action before this Court have previously been met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. Plaintiff performed work for Defendant as a Server from on or about October 1, 2008 until on or about October 1, 2018. Plaintiff's job duties included, but were not limited to, taking food and drink orders, and setting tables.

12. Plaintiff is a female and, at relevant times, was pregnant. As such, Plaintiff is in a protected category and a covered employee for purposes of the FCRA.

13. On or about March 2018, Plaintiff notified Defendant that she was pregnant.

14. Throughout Plaintiff's pregnancy, her voice would go in and out. The General Manager, Gabriel Castrillon, would make disparaging comments about Plaintiff's voice, which made the Plaintiff very uncomfortable.

15. On or about March 26, 2018, while Plaintiff was at a work, she offered to assist her coworkers by carrying a heavy tray to the dishwashing station. Plaintiff needed to open the door since her hands were holding a tray. As is commonly done by her coworkers, Plaintiff used her foot to open the door. Castrillon noticed Plaintiff opening the door with her foot and he threatened to fire her because of this action. However, non-pregnant employees frequently use this method to open the door and they are not reprimanded.

16. On or about March 28, 2018, Plaintiff complained about how she felt discriminated because of her pregnancy to Wendy Lizardo, Human Resources Associate. At this time, Plaintiff presented medical documentation explaining her voice issues, which Castrillon kept making comments about. Plaintiff requested that management be aware of her condition to avoid further mistreatment. Plaintiff was told that she would be contacted with a solution; however, Plaintiff never received a solution.

17. After the meeting with Human Resources, Plaintiff began to feel more uncomfortable in her workplace. Castrillon began to micromanage Plaintiff and she felt as if she was continuously walking on eggshells due to mistreatment she received, which included threats of being fired.

18. Plaintiff continued to complain to Human Resources about her treatment, but they would give her excuses such as "maybe he is having a bad day."

19. On or about October 1, 2018, Plaintiff was constructively discharged due to discrimination based on pregnancy and gender.

20. Throughout Plaintiff's employment, Plaintiff has always performed the essential functions of her job duties and responsibilities in an exemplary fashion and in satisfactory and above satisfactory levels.

21. Any reason proffered by Defendant for the adverse employment actions is mere pretext for unlawful discrimination.

## COUNT I
### *Discrimination based on Sex/Gender in Violation of the FCRA*

22. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 21 of this Complaint as if set out in full herein.

23. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's sex/gender.

24. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon sex/gender-conformity considerations or reasons.

25. The Plaintiff is a female and former employee of Defendant and she possessed the requisite qualifications and skills to perform her position with Defendant.

26. While employed with Defendant, Plaintiff was subjected to discrimination and harassment based on her gender.

27. As a direct and proximate result of the Defendant's unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

28. Moreover, as a further result of the Defendant's unlawful gender based discriminatory conduct, the Plaintiff has been compelled to file this action and she has incurred the costs of litigation.

29. Plaintiff was qualified for her position with Defendant.

30. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of her gender in the terms, conditions, and privileges of employment.

31. The Defendant's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination.

32. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

d. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position;

e. Reinstate full fringe benefits and seniority rights to Plaintiff;

f. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

g. For a money judgment representing prejudgment interest;

h. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

i. Grant Plaintiff's costs of this action, including reasonable attorney's fees;

j. Grant Plaintiff a trial by jury; and

k. Grant such other and further relief as the Court deems just and proper.

## COUNT II
### *Discrimination based on Pregnancy in Violation of the FCRA*

33. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 21 of this Complaint as if set out in full herein.

34. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's pregnancy.

35. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon pregnancy-conformity considerations or reasons.

36. The Plaintiff was pregnant and former employee of Defendant and she possessed the requisite qualifications and skills to perform her position with Defendant.

37. While employed with Defendant, Plaintiff was subjected to discrimination and harassment based on her pregnancy.

38. As a direct and proximate result of the Defendant's unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

39. Moreover, as a further result of the Defendant's unlawful pregnancy based discriminatory conduct, the Plaintiff has been compelled to file this action and she has incurred the costs of litigation.

40. Plaintiff was qualified for her position with Defendant.

41. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of her pregnancy in the terms, conditions, and privileges of employment.

42. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination.

43. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

d. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position;

e. Reinstate full fringe benefits and seniority rights to Plaintiff;

f. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

g. For a money judgment representing prejudgment interest;

h. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

i. Grant Plaintiff's costs of this action, including reasonable attorney's fees;

j. Grant Plaintiff a trial by jury; and

k. Grant such other and further relief as the Court deems just and proper.

## COUNT III
### *Hostile Work Environment in Violation of the FCRA*

44. Plaintiff re-adopts each and every factual allegation as stated in 1-21 of this Complaint as if set out in full herein.

45. Defendant is an employer as that term is used under the applicable statutes referenced above.

46. The foregoing allegations establish a cause of action for unlawful discrimination after Plaintiff adversely affecting her under the FCRA.

47. Plaintiff, as a female pregnant individual, is within a protected class as envisioned by the FCRA.

48. During her employment with Defendant, Mr. Castrillon subjected Plaintiff to unwelcome verbal harassment.

49. The harassment Plaintiff endured by Plaintiff was predicated on Plaintiff being a female pregnant individual. The harassment is decidedly severe where Mr. Castrillon used disparaging language and continuously harassed Plaintiff.

50. The harassment Plaintiff endured was severe and pervasive where Plaintiff was required to report to Mr. Castrillon. Plaintiff agonized going work as she continually feared the verbal harassment. Such conduct occurred during each of Plaintiff's workdays (not isolated to a single occurrence), is demonstratively abusive, and altered the conditions as of Plaintiff's employment as she could not complete her duties in a timely and orderly fashion due to the abuse. Finally, the conditions of Plaintiff's employment were ultimately altered/changed where she was ultimately constructively discharged.

51. Defendant is liable for this conduct, either vicariously or directly, where Plaintiff's supervisor had knowledge of the harassment and abuse and no remedial or disciplinary action was undertaken.

52. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

53. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA by failing to remedy this hostile work environment; and in addition, order the following additional relief:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

d. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position;

e. Reinstate full fringe benefits and seniority rights to Plaintiff;

f. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

g. For a money judgment representing prejudgment interest;

h. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

i. Grant Plaintiff's costs of this action, including reasonable attorney's fees;

j. Grant Plaintiff a trial by jury; and

k. Grant such other and further relief as the Court deems just and proper.

## COUNT IV
*Retaliation in Violation of the FCRA*

54. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 21 above as if set out in full herein.

55. Defendant is an employer as that term is used under the applicable statutes referenced above.

56. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff engaged in a statutorily protected activity under the FCRA.

57. The foregoing unlawful actions by Defendant were purposeful.

58. Plaintiff engaged in a statutorily protected activity by taking leave during her employment with Defendant and she was the victim of retaliation thereafter, as related in part above.

59. Plaintiff is a member of a protected class because she engaged in a statutorily protected activity and was the victim of retaliation thereafter.  There is a causal connection between the engagement of the statutorily protected activity and the adverse employment action taken thereafter.

60. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

61. These damages are continuing and are permanent.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

d. Reinstate Plaintiff to the same position she held before the retaliatory personnel action, or to an equivalent position;

e. Reinstate full fringe benefits and seniority rights to Plaintiff;

f. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest;

g. For a money judgment representing prejudgment interest;

h. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

i. Grant Plaintiff's costs of this action, including reasonable attorney's fees;

j. Grant Plaintiff a trial by jury; and

k. Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: August 20, 2021                               Respectfully submitted,

                                                                    */s/:Peter M. Hoogerwoed*
                                                                    Peter M. Hoogerwoerd, Esq.
                                                                    Fla. Bar No.: 0188239
                                                                    pmh@rgpattorneys.com
                                                                    Cristobal Bobadilla-Gamboa
                                                                    Fla. Bar. No. 113656
                                                                    cbg@rgpattorneys.com
                                                                    ***Remer & Georges-Pierre, PLLC***
                                                                    44 West Flagler Street, Suite 2200
                                                                    Miami, FL 33130
                                                                    (305) 416-5000- Telephone
                                                                    (305) 416-5005- Facsimile

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.   CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Alberta Pierre</u>
Plaintiff

Case # _____
Judge  _____

vs.
<u>Hyatt Corporation</u>
Defendant

**II.   AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☒ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

**III.   TYPE OF CASE**   (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.     REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.      NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   4

**VI.     IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.
No

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Peter M Hoogerwoerd                    Fla. Bar # 188239
            Attorney or party                                     (Bar # if attorney)

Peter M Hoogerwoerd                                  08/20/2021
(type or print name)                                 Date